

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07 80599 CIV MIDDLEBROOKS/JOHNSON

JAMES SPARACINO and
CHRISTOPHER FERRUZZA,

    Plaintiffs,

For an Order pursuant to 9 U.S.C.
§ 10 vacating an Award of the National
Association of Securities Dealers

v.

CUTLER OVERSEAS LIMITED,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs James Sparacino and Christopher Ferruzza's Motion to vacate arbitration award of the National Association of Securities Dealers [DE 1]. The Court has reviewed the record and is otherwise fully advised in the premises.

**Background**

Plaintiffs are James Sparacino, a duly-licensed Series 7 NASD Registered Representative between December 1995 and August 2006, and Christopher Ferruzza, a duly-licensed Series 7 NASD Registered Representative between August 1996 and August 2005. Upon Plaintiffs' information and belief, Defendant Cutler Overseas Limited ("Cutler") is a foreign corporation organized and existing under the laws of the British Virgin Islands.

In 2006, Cutler commenced an arbitration proceeding with the NASD Office of Dispute

1

Resolution asserting claims arising out of the alleged mismanagement of its brokerage account maintained at Tasin & Company, Inc. ("Tasin"), a broker-dealer firm of the NASD, and serviced by Plaintiffs as Cutler's brokers. Plaintiffs defaulted in appearing in the proceeding, and accordingly, in April 2007, an award (the "Award") was entered against Plaintiffs in favor of Cutler in the principal amount of $222,533.98.

Plaintiffs thereafter filed this motion to vacate the arbitration award.

Because no activity appeared on the docket for months, including any proof of service, this Court issued an Order to Show cause, directing Plaintiffs to show cause why this action should not be dismissed for failure to timely serve their motion on Defendant. In response, Plaintiffs provided Affidavits exhibiting that the motion to vacate was timely served on Cutler. Further, the Response stated the following. After Cutler's time to serve an opposition to the motion had lapsed, counsel for Plaintiffs contacted Oliver Charmack, Director of Cutler, to inquire about Cutler's default. Mr. Charmack referenced the fact that the Summons was left partially blank with respect to how many days after service an appearance was required. Plaintiffs' counsel cautioned Mr. Charmack about further delay. According to Plaintiffs' counsel, Mr. Charmack expressed confidence that the Court would permit an appearance within a reasonable time frame.

Mr. Charmack also indicated that the opposition would be prepared by either himself or his father. Plaintiffs' counsel stated that he cautioned Mr. Charmack that a corporation would need to be represented by an attorney.

In mid-September 2007, Plaintiffs' counsel received a document titled "Notice of Motion Not to Vacate Arbitration Award" from Cutler. The document was submitted by Raymond

Charmack, who is not an attorney, on behalf of Cutler. Plaintiffs' counsel states that that document appeared to be an opposition to the Motion to Vacate and a cross-motion to Confirm.

Plaintiffs' counsel considered the document a nullity, because: 1) it was untimely and 2) Cutler failed to appear by an attorney after its Director was notified of the requirement.

On February 26, 2008, this Court issued an Order to Show Cause, directing Defendant Cutler, by March 24, 2008, to retain counsel and show cause why the Court should not grant Plaintiff's motion to vacate arbitration award. The Court expressly put Cutler on notice that, as a corporation, it must appear through counsel.

A corporation "is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Paisleys v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Federal Rule of Civil Procedure 37(b)(2) authorizes the entry of a default judgment for the willful violation of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543-44 (11th Cir. 1993). Default judgment is appropriate "when less drastic sanctions would not ensure compliance with the court's orders." *Id.* at 1542.

A review of the docket reveals that Cutler has not made any appearance before this Court. Cutler did send an opposition to Plaintiffs' counsel, who warned Cutler at that time of the issues of timeliness and representation by an attorney. This Court thereafter permitted Cutler to obtain representation and respond to the motion, though such response would have been filed long after the time to respond had passed. Cutler failed to respond. Indeed, Cutler has never filed anything in this Court. In an abundance of caution, this Court ordered Cutler to issue a response, through counsel, and explicitly warned Cutler that it appeared to be in willful violation of this Court's orders and failure to respond would result in the entry of default against Cutler. Cutler again

3

failed to respond.

Thus, Plaintiffs have stated a colorable case of entitlement to relief, and Cutler is in willful violation of this Court's orders, warranting the entry of default against it.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Vacate Arbitration Award (DE 1) is GRANTED. The Clerk of Court shall CLOSE THIS CASE. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this __7__ day of __July__, 2008.

*[signature]*
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to: counsel of record